```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN RAVNIKAR,

                        Plaintiff,
                                                              MEMORANDUM
            -against-                                         and ORDER
                                                              CV-07-1360 (ARR)
SALEEM LATIF and LUBNA SALEEM,

                        Defendants.
------------------------------------------------------------X
```
GOLD, S., *United States Magistrate Judge*:

## INTRODUCTION

Plaintiff and defendants participated with each other in the operation of a taxi and limousine radio car business for approximately two years beginning in January of 2005. The exact nature of their business arrangement is disputed. Plaintiff claims in this action that defendants wrongfully retained certain assets of the business and, as a result, now owe plaintiff $882,000. Defendants have moved for summary judgment. The parties have consented to have me decide the motion pursuant to 28 U.S.C. § 636(c). Docket Entry 16. For the reasons that follow, defendants' motion is granted.

## FACTS AND PROCEDURAL HISTORY

In his original complaint, Docket Entry 1, plaintiff alleges that he entered into a joint venture with defendants to operate a limousine business. Compl. ¶¶ 3-4. Plaintiff further contends in his original pleading that the joint venture borrowed funds, that defendants "used portions of the proceeds . . . for purposes other than benefiting the business of the joint venture," and – without further explanation or detail – that defendants owe plaintiff $700,000. Compl. ¶¶ 14, 17. No cause of action is specified in the complaint.

Plaintiff filed an amended complaint on July 9, 2009. Docket Entry 12. In his amended

complaint, plaintiff adds that certain loans were taken out by defendants, that plaintiff was required to repay them when defendants failed to do so, and that defendants owe plaintiff $882,382.50 as a result. Am. Compl. ¶¶ 7-9. No further detail is provided, and no explanation of why plaintiff was required to repay loans taken out by defendants is offered. Moreover, and as was the case with respect to plaintiff's original pleading, no particular cause of action is specified.

Defendants brought their first summary judgment motion shortly after plaintiff filed his amended complaint. Docket Entry 15. In support of their motion, defendants invoked New York General Obligations Law § 5-701, and contended that plaintiff's claim should be dismissed because the alleged agreement between the parties was intended to last for more than one year but was never reduced to writing.

The motion was argued before me on February 11, 2010. During the argument, I stated that I found it difficult to discern the precise nature of plaintiff's claim, in part because the amended complaint fails to specify any particular cause of action. Tr. of Feb. 11, 2010, Docket Entry 30, at 3. Plaintiff's counsel responded that plaintiff's claim was one for breach of contract, asserted that written loan agreements existed and that these agreements satisfied the requirement of a writing, and requested leave to file a second amended complaint clarifying the precise nature of plaintiff's claim and explicitly alleging the existence of a contract. Tr. of Feb. 11, 2010, at 7-8, 10-12.

At the conclusion of the argument, I suggested that plaintiff move for leave to file a second amended complaint and submit new papers in opposition to defendants' summary judgment motion. Tr. of Feb. 11, 2010, at 13. Plaintiff moved for leave to file a second amended complaint on March 12, 2010. Docket Entry 27. In this pleading, plaintiff again

2

alleges that he and defendants entered into a joint venture that took out loans. Sec. Am. Compl. ¶¶ 3, 8, 15. Plaintiff further alleges that defendants used the loan proceeds to pay their personal expenses. Sec. Am. Compl. ¶ 12, 17-19. Based on these facts, plaintiff contends that defendants owe him $882,000. Again, no specific cause of action is identified in the pleading.

I heard argument again on April 2, 2010. At that time, I granted plaintiff's motion for leave to file his second amended complaint. Tr. of April 2, 2010, Docket Entry 32, at 33. During the argument, defendants reiterated their position that the absence of a writing doomed plaintiff's claim, and that plaintiff's attempt to avoid the operation of the statute of frauds on the grounds that the parties had entered into a joint venture was not supported by sufficient evidence. Tr. of April 2, 2010, at 7. After some discussion about whether the evidence presented by the parties in connection with the summary judgment motion was adequate, and in particular whether it was sufficient to establish whether or not the parties had formed a joint venture, defendants sought leave to take additional discovery and file a new summary judgment motion. Tr. of April 2, 2010, at 29-30. I granted that application as well.

Defendants filed the motion now pending before the Court on July 16, 2010. Docket Entry 35. The motion was argued on September 16, 2010.

## DISCUSSION

*A. Summary Judgment Standard*

Summary judgment is appropriate where "there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). An issue of fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d

Cir. 1991). In reaching a summary judgment determination, the court must resolve ambiguities and draw reasonable inferences in favor of the nonmoving party. *Coach Leatherware Co. v. AnnTaylor, Inc*., 933 F.2d 162, 167 (2d Cir. 1991). The moving party bears the initial burden of establishing that there are no genuine issues of material fact; once he does so, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 256; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory allegations, however, are insufficient and "[t]here must be more than a 'scintilla of evidence'" to defeat a motion for summary judgment. *Del. & Hudson Ry. Co. v. Consol. Rail Corp*., 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252).

B. *Breach of Contract*

Defendants continue to seek summary judgment pursuant to the statute of frauds, as codified in New York General Obligations Law ("G.O.L.") § 5-701. The statute provides in relevant part that any agreement that will not be performed within one year is not enforceable unless it is in writing. G.O.L. § 5-701(a)(1). Plaintiff's second amended complaint alleges that the business relationship between plaintiff and defendants was formed in January of 2005 and was not terminated until March of 2007. Sec. Am. Compl. ¶ 15. Moreover, plaintiff has not produced any written agreement entered into by plaintiff and defendants concerning the operation of their business.

Thus, absent some exception to its application, § 5-701(a)(1) would bar plaintiff's claim, and plaintiff acknowledges as much. Plaintiff argues, however, that § 5-701 does not apply for two reasons. First, plaintiff contends that he and defendants formed a joint venture. Pl's Answer to Deft's Mot. for Summ. Jdgmnt. at 15, Docket Entry 36.[1] Second, plaintiff argues that the requirement of a writing is overcome by defendants' admissions. *Id.* at 16.

---

[1] Plaintiff's memorandum of law begins at page fifteen of Docket Entry 36.

The problem with plaintiff's arguments is that he has failed to provide any evidence to support them.[2] Plaintiff does correctly point out that, under New York law, "[a]n oral agreement may be sufficient to create a joint venture relationship and the statute of frauds is generally inapplicable thereto." *Mendelovitz v. Cohen*, 66 A.D.3d 849, 850 (2d Dep't 2009). *See also Canet v. Gooch Ware Travelstead*, 917 F. Supp. 969, 988-89 (E.D.N.Y. 1996) (noting that, under New York law, and absent an express term to the contrary, a joint venture agreement "is presumed to be capable of accomplishment within a year"). Plaintiff has failed, however, to establish that he and defendants entered into a joint venture together.

To form a joint venture under New York law,

> (1) two or more persons must enter into a specific agreement to carry on an enterprise for profit; (2) their agreement must evidence their intent to be joint venturers; (3) each must make a contribution of property, financing, skill, knowledge, or effort; (4) each must have some degree of joint control over the venture; and (5) there must be a provision for the sharing of both profits and losses.

*ITEL Containers Int'l Corp. v. Atlanttrafik Express Serv., Ltd.*, 909 F.2d 698, 701 (2d Cir. 1990); *see also SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 341 (2d Cir. 2004) (reaffirming the requirements for a joint venture). Each of the listed elements must be established, and the party asserting the existence of the joint venture bears the burden of proof. *ITEL Containers*, 909 F.2d at 701; *Cohen v. Treuhold Capital Group, LLC*, 422 B.R. 350, 377 (E.D.N.Y. 2010).

In support of their motion for summary judgment, defendants have submitted an affidavit of defendant Latif as well as excerpts from Latif's deposition testimony. Latif states that his relationship with plaintiff began in 2002, Latif Dep. at 7, and that plaintiff provided financing for

---

[2] The parties have submitted what purport to be Local Rule 56.1 Statements. With a few exceptions, however, the statements of fact they contain are not followed by citations to evidence that would be admissible at trial as required by Local Civil Rule 56.1(d). *See* Docket Entry 35 at 4-11; Docket Entry 36-1. Accordingly, I base my decision on a review of the documents and deposition testimony submitted in connection with the motion, and without regard to the parties' Rule 56.1 statements.

the radio car business and Latif served as its manager, Latif Aff. ¶ 8. Although plaintiff and defendants later jointly purchased some radios, they did not, according to Latif, form a joint venture, and defendants never had more than limited control over the business. Latif Aff. ¶¶ 10, 20; Latif Dep. at 10.

Both parties have submitted largely overlapping excerpts from plaintiff's deposition. In his testimony, Ravnikar essentially confirms that the parties did not enter into a joint venture. In the excerpts submitted by the parties, Ravnikar testifies as follows:

Q: So . . . they're [defendants are] supposed to pay you a weekly check? Is that how it worked?

*     *     *

A: It was a weekly check, yes.

*     *     *

Q: Why are they giving you a check every week? It is for the lease rights, right? They're paying you because they're leasing the radio? How does it work?

A: Okay. . . there were two different ways of calculating. . . The first way was where I owned the radio totally, I would get a total lease.

Q: As a set amount of money?

A: Yes. It was adjusted, but it was a set amount of money. Then on the radios that we owned together, I would get half the lease payment, because [defendant] Saleem [Latif] owned half and I owned half.

Q: When you say "adjusted," what do you mean by "adjusted?"

A: Every Memorial Day weekend, we would see what the value of the radio was. We would see what the lending rate was. What we would generally do is, I would take the lending rate from the Credit Union, add two points to it, times it by the registered price of the radio. . . and then we would divide it by 50, and not 52 weeks, because I gave him two free weeks. Whatever that number came to, that was the number he would pay. . .

Q: For the next 50 weeks, that number never changed, never deviated?

A: Correct.

*           *           *

    Q: Even if the business went down, he is still responsible to pay you that same amount of money, but he just has a longer time to repay you that amount of money, correct?

    A: Yes, within reason.

                              *           *           *

    Q: [I]f his business was better, he didn't pay you any additional money, he kept the profits for himself?

    A: All I got was the lease payment.

Ravnikar Dep. at 33-36, Docket Entry 35 at 53-56, Docket Entry 36 at 12-15.

    As Ravnikar's own testimony makes clear, there is no evidence to support plaintiff's contention that he and defendants entered into a joint venture. First, other than the conclusory assertion in the verified complaint that the parties entered into a joint venture in 2005, Sec. Am. Compl. ¶ 3, neither Ravnikar nor Latif describe an agreement that "evidence[s] their intent to be joint venturers." Second, there is no evidence about the control either plaintiff or defendants had over the radio car business. Finally, and perhaps most significantly, plaintiff has failed to present any evidence of an agreement to share profits and losses; to the contrary, Ravnikar himself testified that he was paid the same amount – an amount calculated based upon the market value of radios and interest rates – regardless of any profits earned or losses incurred by the business.

    Plaintiff's second argument – that defendants, having admitted that they had a business relationship with plaintiff, may not rely upon the absence of a writing – fares no better. Plaintiff correctly points out that a defendant who acknowledges a contractual obligation and fails to meet it may not rely upon the absence of a writing to defeat liability. *See, e.g., Matisoff v. Dobi*, 90 N.Y. 2d 127, 134 (1997) (noting, in *dicta*, that "oral agreements that violate the Statute of Frauds are nonetheless enforceable where the party to be charged admits having entered into the contract"); *Cole v. Macklowe*, 40 A.D. 3d 396, 399 (1st Dep't 2007) (rejecting defendant's statute

of frauds argument in light of his admission that he agreed to the sale of the apartment in dispute); *Taussig v. The Clipper Group,L.P.*, 16 A.D.2d 224 (1st Dep't 2005) (holding that "[a]n oral agreement that violates the statute of frauds is enforceable nonetheless where the party to be charged admits having entered into the contract").

Here, plaintiff has failed to muster any evidence that defendants entered into an agreement that they are alleged to have breached. As noted above, the precise nature of the claim asserted by plaintiff in the Second Amended Complaint is not entirely clear. It is plain, however, that whatever claim is asserted involves a breach of duty to the alleged joint venture. Plaintiff points to testimony in which Latif acknowledges purchasing radios with plaintiff and taking out loans that he was obligated to repay. This testimony fails to satisfy plaintiff's burden with respect to the pending motion for two reasons. First, the second amended complaint does not specifically assert that defendants are liable for failing to repay any particular loans. *See also* Tr. of Sept. 16, 2010, Docket Entry 38, at 12 (asserting a claim for $882,000 that defendants "wrongfully took . . . from the joint venture and utilized for [their] own private purposes"). Second, Latif further testified that defendants satisfied their repayment obligation by tendering certain radios to plaintiff. Latif Dep. 63-64; *see also* Latif Aff. ¶¶ 13-19, Sec. Am. Compl. ¶ 20 (acknowledging that the transfer of the radios to plaintiff was "subject to all the loans on the said radios at the time of the transfer").

In short, plaintiff concedes that his claim is subject to dismissal pursuant to G.O.L. § 5-701 unless he can establish that the parties entered into a joint venture or that defendants acknowledged undertaking the contractual obligation he alleges they breached. Plaintiff, however, has failed to present evidence from which a reasonable fact-finder could conclude either that a joint venture was formed or that an unfulfilled contractual obligation was

8

acknowledged.

## CONCLUSION

For all these reasons, defendants' motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

_____s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
October 5, 2010

*U:\eoc 2010\ravnikar\m&o.docx*