UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN RAVNIKAR,

                Plaintiff,

                                                MEMORANDUM
        -against-                                   and ORDER
                                                CV-07-1360 (ARR)

SALEEM LATIF and LUBNA SALEEM,

                Defendants.
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

    I issued an order granting defendants summary judgment on October 5, 2010. Docket Entry 39. By letter dated November 2, 2010, plaintiff filed what he referred to as a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from a final judgment. Docket Entry 41. Plaintiff later recast his motion as one to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and for reconsideration pursuant to Local Civil Rule 6.3. Docket Entry 43. For the reasons stated below, plaintiff's motion is denied.

    Motions to alter or amend a judgment under Rule 59(e) and for reconsideration or reargument under Local Civil Rule 6.3 are governed by the same standard. *United States v. Billini*, 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006). The party moving for reconsideration must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Id.* The availability of relief under Rule 60(b), the rule originally invoked by plaintiff, is similarly restricted. "Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Kustom*

*Signals, Inc. v. Applied Concepts, Inc.,* 247 F.Supp.2d 1233, 1234 (D. Kan. 2003). *See also Avedis v. Herman*, 192 F.R.D. 477, 478 (S.D.N.Y. 1999) (refusing to consider "grounds for relief [that] were raised in nearly identical form" in a party's prior submission).

A court may reconsider its previous ruling if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Billini*, 2006 WL 3457834, at *1 (quoting *Nnebe v. Daus*, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence must be evidence that was not available to the movant when the Court made its previous ruling and could not have been found by due diligence. *Frankel v. City of New York*, 2009 WL 4037818, at *1 (S.D.N.Y. Nov. 18, 2009). *See also Hines v. Overstock.com, Inc.*, 380 Fed Appx. 22, 25 (2d Cir. 2010) (no abuse of discretion to deny a motion for reconsideration where the movant "could have introduced this evidence in its initial motion but did not"). A motion for reconsideration is not an opportunity to "advance new facts, arguments, or theories that were available but not previously presented to the Court." *Billini*, 2006 WL 3457834, at *1. Nor may a party relitigate issues that have already been decided. *Shrader*, 70 F.3d at 257.

My decision to grant summary judgment was based largely on New York General Obligations Law § 5-701 and the Statute of Frauds. Plaintiff now argues that I overlooked evidence indicating that defendant Latif acknowledged a contractual obligation that he subsequently breached. Plaintiff's letter motion refers to portions of Latif's deposition testimony in support of this argument. More specifically, plaintiff quotes from pages 11-13, 20 and 22 of the transcript of the deposition given by defendant Latif on November 17, 2008. (Although plaintiff cited page 11 as the source of the first excerpt quoted in his motion, the quoted testimony is in fact reported at pages 11-13.) In addition, plaintiff has submitted an affidavit in

support of his motion.

With the exception of the quoted portion of page 22 of the Latif deposition, all of the testimony of Latif cited by plaintiff was previously submitted in opposition to defendants' summary judgment motion. Docket Entry 20 at 25-39 (pages 8-20 and 33 of the Latif deposition); Docket Entry 36 at 18-19 (incorporating previously submitted exhibits in support of renewed opposition to summary judgment). Moreover, it is clear from my decision granting summary judgment that I considered the argument plaintiff presses now, and the testimony of defendant Latif he submitted in support of it, yet still decided to rule in favor of defendants. Docket Entry 39 at 7-8.

The additional page of Latif's deposition testimony, and the information in the new affidavit of plaintiff, were available to plaintiff when he submitted his opposition to defendants' motion and therefore do not provide a basis for reconsideration. Even if this evidence were before me when I originally decided defendants' motion for summary judgment, it would not have altered the outcome.

For all these reasons, plaintiff's motion is denied. The previously entered judgment, Docket Entry 40, stands.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
November 23, 2010

*U:\BW 2010\Ravnikar - Reconsideration - m&o.docx*